Samuel Fuente Ortez
vs.
State of Texas

No. 38598CR - 37162CR
In the Court of Criminals
Appeals of Texas
No. 10-15-00320-CR

RECEIVED IN
COURT OF CRIMINAL APPEALS

1310-15
1311-15

## Petition for Discretionary Review

DEC 22 2015

Abel Acosta. Clerk

To the Honorable Judges of the Court of Criminal Appeal of Texas

Samuel Fuente Ortez, Petitions the Court to review the Judgment Affirming his Conviction for Agg Aslt w/DW and Accident Involve Personal Injury in Cause No. 37162CR/38598CR.

### Statement Regarding Oral Argument

ORIGINAL

Samuel Fuente Ortez, Contend that an Oral Argument would be Helpful if Petition is Granted. The Ground for Review set Forth in this Petition Concerns the Conflicting Opinions of Different Courts of Appeals on the same Point of Law, and Oral Argument would be helpful to the Approach that is ~~of consistant with~~ Prior Opinions of this Court.

FILED IN

### Statement of the Case

Abel Acosta, Clerk

The Petitioner was Convicted by a Jury for the Offence of Agg Aslt w/DW and Accident Involve Personal Inj After a Plea of Not Guilty; The Punishment was Assessed by the Jury at (15) years And (10) years Confinement in the Texas Department of Criminal Justice (TDCJ); Institutional Division, this Conviction was Affirmed By the Court of Appeals for the Seventh District on December 5, 2014.

### Ground For Review #1

Petitioner Contend that the Evidence is Insufficient to Show That Petitioner use/or Exhibition a Deadly weapon. Let the record shown There no Evidence to Show Mr. Ortez did not Committed Agg. Alst w/ Deadly weapon in this Offence Cearly show an Accident occur. There no Evidence to show Mr. Ortez was under Anykind of Intoxicated or Evidence in the Car to Show and/or witness to state Mr. Ortez had. or was Drinking the time of the Accident occur. However That an key witness that could have shown Mr. Ortez Innocence only to be an

1 of 3

ACCIDENT AND THAT HE WAS NOT INTOXICATED AT THE TIME OF THE ACCIDENT. MR. ORTEZ CONTEND THAT THE TRIAL ERROR BY WITH HELD THE WITNESS IN THIS CASE. LET THE RECORD SHOW THAT THERE NO EVIDENCE SHOWING INTENTIONALLY CAUSE THE ACCIDENT THAT OWER AT THE TIME "MR. ORTEZ, AN ASSERTION THAT THE EVIDENCE IS FACTUALLY INSUFFICIENT TO SUPPORT A FACT FINDING MEANS THAT THE EVIDENCE SUPPORTING THE FINDING IS SO WEAK OR THE EVIDENCE TO THE CONTRARY IS SO OVERWHELMING THAT THE ANSWER SHOULD BE SET ASIDE AND A NEW TRIAL ORDERED. GARZA V. ALVIAR 395 S.W. 2d 821 823; WE ARE REQUIRED TO CONSIDER ALL OF THE EVIDENCE IN THE CASE IN MAKING THIS DETERMINIATION NOT JUST THE EVIDENCE THAT SUPPORT THE FINDING MAR. OVERSEAS CORP. V. ELLIS 971 SW. 2d 462 406-09 (TEX) CERT. DENIED 525 US 1017, 119 S.CT. 541, 142 L.E. 2d 450. WHEN JURY MAKE AN AFFIRMATIVE FINDING OF MALICE THAT IS REQUIRED TO BE BASED ON CLEAR AND CONVINCING EVIDENCE IN CONDUCTING A LEGAL SUFFICENCY REVIEW. ASKING THIS COURT REVIEW THE SUFFICIENCY OF THE EVIDENCE AND ORDER THE COURT TO RETRY THE CASE OF AGG. ASLT. W/DEADLY WEAPON.

## GROUND FOR REVIEW #2

PETITIONER CONTEND THAT THE COURT'S APPOINTED LAWYER CHARLES SLATON CONSTITUTED INEFFECTIVE ASSISTANCE OF COUNSEL. WHEN HE FAIL TO GET WITNESS THAT COULD HAVE HELP HIM WITH INFN MY CASE. IT SHOW HE WAS INEFFECTIVE BY NOT SEEKING ALL THE EVIDENCE AND/OR REQUESTING A LESSER INCLUDED OFFENCE TO AGG. ASLT. W/DEADLY WEAPON WHICH ALSO PREJUDY MY CASE. COUNSEL HAS A DUTY TO MAKE REASONABLE INVESTIGATION OR TO MAKE A REASONABLE DECISION THAT MAKE PARTICULAR INVESTIGATIONS UNNESCESSARY. ACTUAL INEFFECTIVENESS CLAIMS

CLAIMS ALLEGING A DEFICIENCY IN ATTORNEY PERFORMANCE ARE SUBJECT TO GENERAL REQUIREMENT THAT DEFENDANT AFFIRMATIVELY PROVE PREJUDICE BY NOT GET ALL THE WITNESS IN/ON BY BE HALF. TO SUCCEED ON THIS SIXTH AMENDMENT CLAIM INEFFECTIVE ASSISTANCE OF COUNSEL DEFENDANT MUST SHOW THAT THERE IS A "REASONABLE PROBABILITY", WHICH IS A PROBABILITY SUFFICIENT TO UNDER MINE CONFIDENCE IN THE OUTCOME, THAT, BUT FOR COUNSEL'S UNPROFESSIONAL ERROR, RESULT OF THE PROCEEDING WOULD HAVE BEEN DIFFERENT.

## REASON FOR REVIEW

SET FORTH DIRECT AND CONCISE ARGUMENT, SUPPORTED BY AUTHORITIES, AMPLIFYING THE REASON RELIED UPON FOR GRANTING REVIEW ASK THIS COURT TO SET A ORDER FOR THESE MATTERS.

## PRAYER FOR RELIEF

FOR THE REASON HEREIN ALLEGED, THE PETITIONER WAS DENIED A FAIR IN CAUSE NO. 38598CR, 37,162CR. THEREFORE, PETITIONER PRAYS THIS COURT GRANT THIS PETITION, AN UPON REVIEWING THE JUDGMENT ENTERED BELOW REVERSE THIS CAUSE AND REMAND IT FOR A NEW TRIAL.

RESPECTFULLY SUBMITTED,

Samuel Ortez

Samuel Ortez

#1921355

BRADSHAW UNIT

P.O. BOX 9000

HENDERSON TX 75653

EVIDENCE; PETITIONER - EXBIT A

THE STATE OF TEXAS

KNOW ALL MEN BY THESE PRESENTS:

COUNTY OF DALLAS

BEFORE ME, THE UNDERSIGNED, A NOTARY PUBLIC IN AND FOR SAID COUNTY, STATE OF TEXAS, ON THIS DAY PERSONALLY APPEARED: **EDUARDO A. SERRANO ROSALES** TO ME WELL KNOWN, AND WHO, AFTER BEING DULY SWORN, DEPOSED AND SAYS THAT:

To whom it may concern:

I, Eduardo A. Serrano Rosales, currently residing at 3113 Castillo Dr. Dallas Tx 75236, do hereby swear, under the penalty of perjury, that the following statement is true and correct to the best of my knowledge:

I was traveling with Mr. Samuel Ortez on the day that the traffic accident occurred. We were traveling in the city of Lancaster en route to our house in Oak Cliff. The street we were on had only two lanes and a very dangerous curve. My friend Samuel could not stop the vehicle and we collided with a vehicle traveling in the other lane. Although he did attempt to stop the vehicle, the oncoming vehicle was too close so it was impossible to stop. It was a terrible accident and I was trapped in the vehicle and was unconscious until I was rescued. I did not know anything until I woke up in the hospital.

Eduardo A. Serrano Rosales
Salvador Identity Card
No. 00426975-3
Exp. 10/12/2021

Subscribed and sworn to before me on this 05th day of December 2015 at Dallas County, Dallas, Texas

_____ MY COMMISSION EXPIRES 06/13/2016

Veronica Salinas
*NOTARY PUBLIC,*
IN AND FOR THE STATE OF TEXAS



VERONICA SALINAS
MY COMMISSION EXPIRES
June 13, 2016



# IN THE
# TENTH COURT OF APPEALS

## No. 10-15-00319-CR
## No. 10-15-00320-CR

**SAMUEL FUENTE ORTEZ, A.K.A. MARCO ALVAREZ,**

**Appellant**

v.

**THE STATE OF TEXAS,**

**Appellee**

## From the 40th District Court
## Ellis County, Texas
## Trial Court No. 37162CR and 38598CR

## MEMORANDUM OPINION

Samuel Fuente Ortez, a.k.a. Marco Alvarez was convicted on March 13, 2014 of the offenses of aggravated assault with a deadly weapon, *see* TEX. PENAL CODE ANN. § 22.02 (West 2011), and accident involving personal injury (a.k.a. failure to stop and render aid), *see* TEX. TRANSP. CODE ANN. § 550.021 (West 2011). He was sentenced to 15 years in prison and 10 years in prison, respectively. Ortez timely appealed those convictions to this Court; but by order of the Texas Supreme Court, the appeals were

transferred to the Seventh Court of Appeals in Amarillo, Texas. The Amarillo Court affirmed the convictions in December of 2014, *Ortez v. State*, Nos. 07-14-00286-CR, 07-14-00287-CR, 2014 Tex. App. LEXIS 13048 (Tex. App.—Amarillo Dec. 5, 2014, no pet.) (not designated for publication), and the mandates issued in February of 2015.

It appears that by a document filed on August 6, 2015, Ortez again wishes to appeal the trial court's judgments. This second appeal is untimely; and we have no jurisdiction of these appeals. *See* TEX. R. APP. P. 26.2(a)(1). Accordingly, Ortez's appeals are dismissed for want of jurisdiction.[1]

TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Appeals dismissed
Opinion delivered and filed September 24, 2015
Do not publish
[CR25]



---

[1] A motion for rehearing may be filed within 15 days after the judgment of this Court is rendered. *See* TEX. R. APP. P. 49.1. If the appellant desires to have the decision of this Court reviewed by filing a petition for discretionary review, that petition must be filed with the Court of Criminal Appeals within 30 days after either the day this Court's judgment was rendered or the day the last timely motion for rehearing was overruled by this Court. *See* TEX. R. APP. P. 68.2(a).

Samuel Fuentz Ortez # 1921355
Bradshaw State Jail
P.O. Box 9000
Henderson, Texas 75653

SHREVEPORT LA 710

17 DEC 2015 PM 3 L

787112308808

Court of Criminal Appeals
of Texas
P.O. Box 12308 Capitol Station
Austin, Texas 78711

